Robyn E. Bladow (SBN 205189)
robyn.bladow@kirkland.com
KIRKLAND & ELLIS LLP
695 Town Costa Center Drive
Costa Mesa, CA 92626
Telephone:     (213) 680-8400
Facsimile:     (714) 982-8844

David I. Horowitz (SBN 248414)
david.horowitz@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067
Telephone:     (310) 552-4200
Facsimile:     (310) 552-5900

*Attorneys for Defendants*
*Kars4Kids Inc. and Oorah, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| PAVEL SAVVA and ALEXANDER VICKERS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KARS4KIDS INC. and OORAH, INC.,<br><br>Defendants. | CASE NO. 4:25-CV-09498-YGR<br><br>**DEFENDANTS KARS4KIDS INC. AND OORAH, INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>Hearing Date:       February 17, 2026<br>Hearing Time:       2:00 p.m.<br>Judge:       Hon. Yvonne Gonzalez Rogers<br>Courtroom: Courtroom 1 – 4th Floor<br><br>Complaint Filed Date:  November 4, 2025 |

Plaintiffs Pavel Savva ("Savva") and Alexander Vickers ("Vickers") (collectively, "Plaintiffs") contend they viewed the Kars4Kids television commercial and then visited the Kars4Kids website to secure donation of their vehicles to Kars4Kids. They are now suing the Kars4Kids charity and its sister charity, Oorah, claiming they were somehow deceived about where the proceeds from their car donations were going to be used. But they do not submit with their Complaint either the commercial or a single screenshot from the website they admittedly visited, which repeatedly and clearly disclosed exactly what Plaintiffs contend was missing. This is the precise situation that warrants judicial notice and incorporation by reference.

Defendants Kars4Kids Inc. and Oorah, Inc. ("Defendants") respectfully request that, in addressing their accompanying Motion to Dismiss, the Court take judicial notice of and/or consider as incorporated by reference the following Exhibits attached to the concurrently filed Declaration of Robyn E. Bladow ("Bladow Decl.").

1. Exhibit 1 contains a true and correct downloaded copy of the Kars4Kids television commercial located at https://www.youtube.com/watch?v=F94DBBJjzko and described by Plaintiffs at paragraphs 30–32 of the Complaint.

2. Exhibit 2 contains a true and correct copy of a screenshot of the commercial located at https://www.youtube.com/watch?v=F94DBBJjzko at the time stamp 0:29.[1] Plaintiffs cite to the language shown in the screenshot in paragraphs 31 and 32 of the Complaint.

3. Exhibits 3 and 4 contain true and correct copies of the webpage located at https://www.kars4kidsprograms.org/act-now/, captured and archived by archive.org on November 18, 2024 and April 27, 2025, respectively. Exhibit 5 contains a true and correct copy of the webpage located at https://www.kars4kidsprograms.org/act-now/, last visited

---

[1] The text at the bottom of each page of Exhibit 2 that reads, "Document title: Kars4Kids Official TV Commercial (Kars for Kids Jingle) | Remastered 2019 – YouTube[;] Capture URL: https://www.youtube.com/watch?v=F94DBBJjzko[;] Capture timestamp (UTC): Wed, 07 Jan 2026 18:37:01 GMT" was added by my firm to indicate source information. Similar text indicating the document title, capture URL, and capture timestamp exists at the bottom of each page of Exhibits 2–23 to indicate source information.

on January 7, 2026. This is the website that users are re-routed to when searching for kars4kids.org/howtohelp, as Plaintiffs allege in paragraph 32 of the Complaint.

4. Exhibits 6 and 7 contain true and correct copies of the webpage located at https://www.kars4kidsprograms.org/about-us/, captured and archived by archive.org on September 9, 2024 and March 26, 2025, respectively. Exhibit 8 contains a true and correct copy of the webpage located at https://www.kars4kidsprograms.org/about-us/, last visited on January 7, 2026. If a prospective donor clicked on the "ABOUT" link at the top of Exhibits 3–5, they would be routed to this page.

5. Exhibits 9 and 10 contain true and correct copies of the webpage located at https://www.kars4kidsprograms.org/programs/, captured and archived by archive.org on September 9, 2024 and March 26, 2025, respectively. Exhibit 11 contains a true and correct copy of the webpage located at https://www.kars4kidsprograms.org/programs/, last visited on January 7, 2026. If a prospective donor clicked on the "OUR PROGRAMS" link at the top of Exhibits 3–5, they would be routed to this page.

6. Exhibits 12 and 13 contain true and correct copies of the webpage located at Kars4Kids.org, captured and archived by archive.org on September 21, 2024 and March 24, 2025, respectively. Exhibit 14 contains a true and correct copy of the webpage located at Kars4Kids.org, last visited on January 12, 2026. Plaintiffs cite to this webpage at paragraphs 28, 30, and 39 of the Complaint. Plaintiffs refer to Kars4Kids.org as "Kars4Kids' main website (Kars4Kids.org), where donors can submit vehicle donation forms online." Compl. ¶ 39.

7. Exhibits 15 and 16 contain true and correct copies of the webpage located at https://www.oorah.org/programs.php, captured and archived by archive.org on September 10, 2024 and April 21, 2025, respectively. Exhibit 17 contains a true and correct copy of the webpage located at https://www.oorah.org/programs.php, last visited on January 12, 2026. If a prospective donor clicked on the "Oorah" hyperlink under "You Help Kids" header of Exhibits 12–14, they would be routed to this page.

8. Exhibits 18 and 19 contain true and correct copies of the webpage located at https://www.kars4kids.org/about/about-kars4kids.php, captured and archived by archive.org on October 2, 2024 and March 3, 2025, respectively. Exhibit 20 contains a true and correct copy of the webpage located at https://www.kars4kids.org/about/about-kars4kids.php, last visited on January 10, 2026. If a prospective donor clicked on the "ABOUT" drop-down menu at the top of Exhibits 12–14, they could click the option "About Kars4Kids" and would be routed to this page.

9. Exhibits 21 and 22 contain true and correct copies of the webpage located at https://www.kars4kidsprograms.org, captured and archived by archive.org on September 9, 2024 and April 4, 2025, respectively. Exhibit 23 contains a true and correct copy of the webpage located at https://www.kars4kidsprograms.org, last visited on January 10, 2026. If a prospective donor clicked on the "ABOUT" drop-down menu at the top of Exhibits 12–14, they could click the option "Our Charity" and would be routed to this page.

10. Defendants request Judicial Notice of the fact that Kars4Kids' IRS Form 990, cited to by Plaintiffs in paragraphs 60 and 61 of the Complaint, are publicly available online and accessible at https://www.kars4kidsprograms.org/about-us/financials.php.

11. Exhibit 24 is an excerpt of the hearing transcript on Defendants' motion to dismiss in *Dugger v. Kars4Kids and Oorah*, No. 3:24-cv-02419, Dkt. 44 (N.D. Cal.) (the "*Dugger* Action"), held on March 27, 2025, before Judge James Donato.

## I. LEGAL STANDARD

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at (c)(2).

In addition, under the incorporation-by-reference doctrine, the Court may consider on a motion to dismiss "documents whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration in original). This doctrine "is to prevent a plaintiff from cherry-picking certain portions of documents that support her claims, while omitting portions that weaken her claims." *Smith v. Wells Fargo Bank, N.A.*, 2025 WL 2781738, at *1 (N.D. Cal. Sept. 30, 2025). "The court may treat such a document as part of the complaint and may assume the truth of the document's contents for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1–24.

The Court should take judicial notice of Exhibits 1–24 because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Huang v. Avalanche Biotechnologies, Inc.*, 2016 WL 6524401, at *3 (N.D. Cal. Nov. 3, 2016) (citing/quoting Fed. R. Evid. 201). This case is about what information was disclosed to Plaintiffs in connection with their online transactions with Kars4Kids. Yet they did not include in their Complaint the documents that show exactly what was and was not disclosed, instead selectively quoting from them. *See, e.g.*, Compl. ¶¶ 38, 39. Plaintiffs contend they were in the dark about the Jewish nature of the Kars4Kids charity and its association with its sister charity Oorah, but their own cited documents (viewed in full) demonstrate otherwise, and they cannot present the Court with an incomplete picture when those documents are publicly available and readily verifiable.

Exhibits 1–23 are images and content from publicly available current and archived websites. Courts routinely take judicial notice of webpages, including archived versions, especially where plaintiffs cite portions of the websites in their complaint. *See, e.g.*, *Pac. Overlander, LLC v. Kauai Overlander*, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018) (noting that "in general, websites and their contents may be judicially noticed" and judicially noticing defendant's website); *Steinberg v. Icelandic Provisions, Inc.*, 2022 WL 220641, at *2 (N.D. Cal. Jan. 25, 2022) (taking judicial notice of archived versions of the defendant's website preserved by Internet Archive Wayback Machine[2] in order granting motion to dismiss false advertising complaint); *Arroyo v. IA Lodging Santa Clara, LLC*,

---

[2] The archived webpages found on archive.org are accessible through the "Wayback Machine." *About the Internet Archive*, https://archive.org/about/ (last visited January 9, 2026).

2021 WL 2826707, at *2 (N.D. Cal. July 7, 2021) (taking judicial notice of public webpages on the defendant's website); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (judicially noticing publicly available websites, including webpages cited in complaint as well as webpages not specifically cited (but from the same website)); *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (judicially noticing party's website); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021) (granting request for judicial notice of screenshots of the defendant's website, archived by the Wayback Machine, where the complaint discussed the defendant's advertisements and relied on them).

Exhibits 1–23 contain representations of the Kars4Kids commercial and screenshots from the Kars4Kids.org website, which Plaintiffs cite in their Complaint. Exhibit 1 contains the commercial described in paragraphs 30–32 of the Complaint. Exhibit 2 contains a screenshot of the commercial from Exhibit 1 at timestamp 00:29. The below language contained in Exhibit 2, including the website link and text contained at that link, is quoted by Plaintiffs in paragraphs 31–32 and 37 of the Complaint.

**BECAUSE KIDS ARE OUR FUTURE**
Learn how you can make a difference in the life of a child
Kars4kids.org/howtohelp

Exhibits 3–4, 6–7, 9–10, 12–13, 15–16, 18–19, and 21–22 contain archived representations of webpages from the Kars4Kids.org and Oorah.org website "in or around September 2024" and "in or around March 2025." Compl. ¶¶ 9–10. These exhibits are from when Plaintiffs allege to have visited Kars4Kids.org to submit online donation forms to donate their vehicles (*id.* ¶¶ 74, 79) and include the very information Plaintiffs claim is "woefully inadequate to avoid misleading consumers." *Id.* ¶ 39.

Exhibits 3–5 contain a screenshot from the webpage located at https://www.kars4kidsprograms.org/act-now/, which is the page that Plaintiffs acknowledge a user is re-directed to when attempting to reach kars4kids.org/howtohelp, which is cited in paragraphs 31, 32, and 38 of the Complaint. Exhibits 3–5 have two links at the top of the page that read "ABOUT" and "OUR PROGRAMS."

 
ABOUT   OUR PROGRAMS   VOLUNTEER   DONATE

Exhibits 6–8 contain a screenshot of the webpage located at https://www.kars4kidsprograms.org/about-us/, which is where a user is routed if they click the "ABOUT" button, and where the user will see "We're a registered nonprofit Jewish organization" that works "with our sister charity Oorah":



Exhibits 9–11 contain a screenshot of the webpage located at https://www.kars4kidsprograms.org/programs/, which is where a user is routed if they click the "OUR PROGRAMS" button, and where the user will see individuals in yarmulkes and reference to programs for "Jewish children and their families":



Exhibits 12–14 contain a screenshot of Kars4Kids' homepage, [Kars4Kids.org](Kars4Kids.org), which Plaintiffs allege they visited to complete Kars4Kids' online donation form. Plaintiffs argue that Defendant Kars4Kids' "main website" at "Kars4Kids.org" is "woefully inadequate to avoid misleading consumers." Compl. ¶ 39. Plaintiffs quote statements about "Fast, Free Pickup" and how donors can "Save Money On Your Taxes" and note that this webpage states that "[y]our donation supports the youth and educational programs of national nonprofit Kars4Kids and our sister charity Oorah." *Id.* Plaintiffs, however, omit other representations and disclosures on that webpage, including the statement that says "Kars4Kids is a registered nonprofit Jewish organization who, together with Oorah, our sister charity, help thousands of children develop into productive members of the community."

> A child's life is his home, school, friends and community. It takes a positive experience in all arenas to build a healthy child. Kars4Kids is a registered nonprofit Jewish organization who, together with Oorah, our sister charity, help thousands of children develop into productive members of the community.

Exhibits 12–14 state that a vehicle donation "supports the youth and educational programs of national nonprofit Kars4Kids and our sister charity [Oorah](Oorah)." Compl. ¶ 39.



You Help Kids

The proceeds from your vehicle supports the youth and educational programs of national nonprofit Kars4Kids and our sister charity Oorah.

"[Oorah](Oorah)" is hyperlinked in that statement in Exhibits 12–14, and Exhibits 15–17 contain a screenshot of the webpage located at [https://www.oorah.org/programs.php](https://www.oorah.org/programs.php), which is where a user is routed if they click "[Oorah](Oorah)," and where they can view extensive disclosures about the religious nature of that charity.

The top of Exhibits 12–14 includes an "ABOUT" drop-down menu in the upper right-hand corner, which allows a prospective donor to toggle to "About Kars4Kids," "Our Charity," and "Volunteer" pages. A screenshot of Ex. 14 is below.



Exhibits 18–20 contain a screenshot of the webpage located at https://www.kars4kids.org/about/about-kars4kids.php, which is where a user is routed if they click the "About Kars4Kids" button, and where the user will see the following language at the top of the page:

> We roll up our sleeves to plant roots and invest in children because they are our future. We're a registered 501(c)(3) nonprofit Jewish organization who, together with our sister charity Oorah, help thousands of children.

Exhibits 21–23 contain a screenshot of the webpage located at https://www.kars4kidsprograms.org, which is where a user is routed if they click the "Our Charity" button, and where the user will see the following language in the middle of the page:

> We're a national Jewish nonprofit providing mentorship, educational support and nurturing year-round environments. Whether it's tailored care from staff in summer camp, the safe haven of afterschool groups, or a mentor's listening ear, we provide the support youth need to thrive.

The Court should take judicial notice of these websites because they are cited in and relied upon by the Complaint. *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (taking judicial notice of screenshots taken from a website and referenced in the complaint).

Exhibit 24 contains excerpts from a transcript of a hearing in this district before Judge James Donato in the now-dismissed action, *Dugger v. Kars4Kids and Oorah*, No. 3:24-cv-02419 (N.D. Cal.) ("*Dugger* Action"). Plaintiffs call the *Dugger* Action a "nearly identical class action case against Kars4Kids and Oorah." Compl. ¶ 3. Defendants seek judicial notice of this transcript so that this Court is aware of Judge Donato's comments during the *Dugger* motion to dismiss hearing regarding his

intention to address Defendants' First Amendment arguments (before plaintiff Dugger voluntarily dismissed his case). This Court should take judicial notice of the *Dugger* hearing transcript as it is a publicly available and verifiable record from another court proceeding. *See Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records, including hearing transcripts, from other court proceedings."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs and fairness hearing transcript from another case, even though "some of these documents are filed under seal," because "they nonetheless are readily verifiable").

### III. THE COURT SHOULD TAKE JUDICIAL NOTICE THAT KARS4KIDS' IRS FORM 990 IS PUBLICLY AVAILABLE ONLINE.

Plaintiffs discuss information found in Kars4Kids' IRS Form 990 in paragraphs 60–61 of the Complaint. Kars4Kids' IRS Form 990 is publicly accessible at the website https://www.kars4kidsprograms.org/about-us/financials.php. Once a user is at this web address, if they click the "2024," "2023," "2022," or "2021" button under "Most Recent Filings," they will be taken to Kars4Kids' IRS Form 990 for that respective year. Plaintiffs have access to these documents because they are publicly available on Kars4Kids' website. As a result, Defendants ask the Court to judicially notice the fact that IRS Form 990 and all content within that form is publicly available online. *See, e.g.*, *Hindu Am. Found., Inc. v. Kish*, 2023 WL 5629296, at *2 (E.D. Cal. Aug. 31, 2023) (taking judicial notice of a party's IRS Tax Form 990).

Having relied on Kars4Kids' Commercial and webpages in their Complaint to support their claims, Plaintiffs have no reason to question their accuracy. The Court should therefore take judicial notice of Exhibits 1–24 and the fact that Kars4Kids' IRS Form 990 is publicly available online. *Keller v. Chegg, Inc.*, 2023 WL 5279649, at *2 (N.D. Cal. Aug. 15, 2023) ("Judicial notice is granted because the TOUs are publicly available on Chegg's website or through the Internet Archive's Wayback Machine, and Keller offers no reason to think these documents are inaccurate.").

### IV. EXHIBITS 1-23 ARE ALSO INCORPORATED BY REFERENCE.

The Complaint also incorporates Exhibits 1–23 because the Commercial and website are specifically cited in the Complaint and form the basis of Plaintiffs' claims. Compl. ¶¶ 28 (citing

"jingle" and "Kars4Kids.org"), 30 (citing commercial and "Kars4Kids.org"), 31 (citing screen text during commercial and "Kars4kids.org/howtohelp"), 32 (citing commercial, YouTube link, and "website address … (Kars4Kids.org/howtohelp)"), 38 (referencing "[t]he informational website address provided in the ads (Kars4kids.org/howtohelp)"), 39 (citing "Kars4Kids' main website (Kars4Kids.org), where donors can submit vehicle donation forms online"), 74 (alleging Savva "contacted Kars4Kids through its website to donate his vehicle" and "filled out Kars4Kids' online donation form"); 79 (alleging Vickers "contacted Kars4Kids through its website to donate his vehicle" and "filled out Kars4Kids' online donation form"). Plaintiffs' entire theory of fraud—upon which they base all their claims—is premised on their allegation that the Commercial, ads, and webpages omit information about the use of donation proceeds. *Id.* Courts routinely incorporate documents that form the basis of a plaintiff's claims, even where they are not extensively referenced in the complaint. *See Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) ("[A]lthough exhibits 4 and 5 are referenced only once each in the FAC, 'they form the basis of [plaintiffs'] claims' and are therefore properly incorporated by reference." (citation omitted)); *Pirani v. Netflix, Inc.*, 2024 WL 69069, at *1 (N.D. Cal. Jan. 5, 2024) ("Because each document forms the basis for a necessary element of [plaintiff's] claims, each is properly incorporated by reference"). Courts also routinely consider the full page of a website where only a portion of the page is quoted or relied on in the complaint. *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) (citing *Emeco Indus., Inc. v. Restoration Hardware, Inc.*, 2012 WL 6087329, at *1 n.2 (N.D. Cal. Dec. 6, 2012)); *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005). Here, where the website is specifically cited in the Complaint *and* forms the basis of Plaintiffs' claims, incorporation by reference is proper so that the Court can consider the complete documents in evaluating Plaintiffs' claims and Defendants' motion to dismiss.

The incorporation-by-reference doctrine prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), as amended (July 28, 1998), superseded by statute on other grounds. Here, Plaintiffs cite Kars4Kids' Commercial and website (Compl. ¶¶ 28, 30, 31, 32,

38, 39), and the Court should review them in their entirety in order to fully assess the viability of Plaintiffs' claims. The Court should therefore consider Exhibits 1–23 incorporated by reference.

*   *   *

Defendants respectfully request that this Court grant this Request for Judicial Notice and Incorporation by Reference.

DATED:  January 12, 2026                    KIRKLAND & ELLIS LLP

*/s/ Robyn E. Bladow*

Robyn E. Bladow (SBN 205189)
robyn.bladow@kirkland.com
KIRKLAND & ELLIS LLP
695 Town Costa Center Drive
Costa Mesa, CA 92626
Telephone:     (213) 680-8400
Facsimile:     (714) 982-8844

David I. Horowitz (SBN 248414)
david.horowitz@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067
Telephone:     (310) 552-4200
Facsimile:     (310) 552-5900

*Attorneys for Defendants*
*Kars4Kids Inc. and Oorah, Inc.*